# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY CULBRETH,**

    **Plaintiff,**

v.                     Civil Action No. 1:04CV263

**FEDERAL BUREAU OF PRISONS;**
**F.C.I. AND F.P.C. GILMER; and**
**WARDEN WENDT,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On November 3, 2004, pro se plaintiff Anthony Culbreth ("Culbreth"), an inmate at FCI-Gilmer, along with inmates Rodney Goodson, Christopher Blevins, Joseph Urban, Devon Manuel, Fasil Mohammad, Jamil Mohammad and Gary Taylor, filed a Motion for Temporary Restraining Order,[1] which asserts that the defendants are triple bunking inmates in "standard two man dorm space," and thereby compounding the problem of overcrowding, in violation of the Eighth Amendment of the United States Constitution.

On December 23, 2004, the Court separated the case into individual actions, ordered that each plaintiff must pay the $150.00 filing fee and further ordered each plaintiff to advise the Court within 30 days what steps, if any, he had taken to exhaust his administrative remedies. Subsequently, on December 28, 2004,

---

[1] The Court treats this motion as a civil rights action.

**Culbreth v. Federal Bureau of Prisons, et al.**          1:04CV263

ORDER ADOPTING REPORT AND RECOMMENDATION

the Clerk issued a Notice, which advised Culbreth that his case would be dismissed without prejudice if he failed to either pay the $150.00 filing fee or file a completed "Application to Proceed Without Prepayment of Fees," along with a "Consent to Collection of Fees" and a "Prisoner Trust Account Statement," within 30 days.

The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09. On February 4, 2005, Magistrate Kaull issued a Report and Recommendation recommending that Culbreth's case be dismissed for failure to pay the $150.00 filing fee or to file the proper forms to proceed without prepayment of fees.

The Report and Recommendation also specifically warned that Culbreth's failure to object to the recommendation would result in the waiver of his appellate rights on this issue. Nevertheless, Culbreth has not filed any objections.[2]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety and **ORDERS** Culbreth's case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

---

[2] Culbreth's's failure to object to the Report and Recommendation not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**Culbreth v. Federal Bureau of Prisons, et al.**                    1:04CV263

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: May ____24____, 2005.

*Irene M. Keeley*
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE